MATT HARRIS v. THE STATE.

No. 1568. Decided June 24, 1898.

**1. Bill of Exceptions.**

A bill of exceptions reserved to the charge of the court for omission to instruct the jury with regard to certain impeaching evidence, is insufficient, which does not show the character of such impeaching evidence, and that the same went to the jury. Such a bill is too indefinite to require notice.

**2. New Trial—Misconduct of Jury—Evidence as to.**

Where an affidavit was attached to a motion for new trial, which recited that one of the jurors, after their retirement, stated something derogatory to the character and reputation of the defendant, but affiant neither stated the name or language of the juror; Held, the affidavit is remarkable for its indefiniteness and uncertainty. The evidence as to this matter, if evidence was adduced, should also have been brought up in the record.

**3. Judgments—Presumptions in Regard to.**

Every presumption must be indulged in regard to the correctness of the judgments of courts, and a party attacking such judgments must overcome such presumptions.

APPEAL from the District Court of Houston. Tried below before Hon. W. H. GILL.

Appeal from a conviction for assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The indictment charged appellant with an assault with intent to murder Elizabeth Johnson, on the 1st day of October, 1895.

Briefly stated, the evidence showed that the parties, appellant and Elizabeth Johnson, came to the house of John Johnson, father of Elizabeth, and claimed to be married. Defendant set in to make a crop with John Johnson. After they had lived together at John Johnson's for some months, John Johnson, the father, having found out that they were not married, told them they could not live at his house any longer in that manner. Defendant proposed to marry Elizabeth, and John Johnson gave him $1.50 to get the marriage license, which he could not get, because he had a living wife from whom he had not been divorced. Johnson then forbid them from living together at his house, and bought out defendant's interest in the crop that they were making. Defendant tried to prevail upon Elizabeth to go away with him anyhow, which she refused to do. He then left, and after having been gone for a week or two returned, and meeting Elizabeth at the cowpen, again tried to prevail upon her to leave and go off with him, which she refused to do. After getting through with the milking, when Elizabeth started to the house, defendant followed her, and as she was going into the house defendant drew his pistol and fired upon her, firing three or four shots, one of which wounded a party who was present. Defendant then fled, and was arrested about a year afterwards in a distant county.

No brief on file for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of an assault with intent to murder, and his punishment assessed at confinement in the penitentiary for a term of two years; hence this appeal.

We find one bill of exceptions in the record which recites that "defendant excepted to the charge as being insufficient; and because the jury were not charged with regard to evidence offered by defendant for the purpose of impeaching one of the most material witnesses for the State." The judge qualifies this bill by stating "that counsel for appellant addressed the court, and stated, among other things, that he did not think the theory of self-defense was raised by the evidence, and that he did not wish the charge to cover or present that question to the jury." We do not understand this bill. We believe the court was correct in not charging the law applicable to self-defense, for we have been unable to discover any evidence which in any manner suggested such a theory. Now, if appellant desired by his bill to call this court's attention to any fact or any line of testimony, it should have been made plain by the bill. The general statement that he offered evidence to impeach one of the material witnesses for the State is entirely too indefinite. It does not show that the testimony offered went to the jury; nor does it undertake to show the character of the impeaching testimony. All impeaching evidence does not require a limitation in the charge, and what this testimony was we are left to conjecture. So the bill is too indefinite to require notice.

The motion for a new trial consists of the affidavit of one of the jurors. There are no grounds of error set out in the motion, and this affidavit is thrown into the record, and denominated a "motion for a new trial." The affiant states "that he was one of the jurors who tried appellant; that, after the jury retired, one of the jurors, to affiant unknown, stated in the presence of affiant, and to the jury, in substance, that the defendant was a sorry, worthless negro, and ought to be in the penitentiary, or words to that effect; that affiant was not acquainted with all the jurors, and can not now give the name of the juror making such statement; and, while affiant may not have given the exact language of the juror, he knows the statement was something derogatory to the character and reputation of the defendant. Affiant further states that, while such statement did not influence his verdict, he can not say how it affected others; and, further, that affiant was at first in favor of assessing the punishment of defendant for aggravated assault and battery, but afterwards agreed to convict of assault with intent to murder." This is signed by J. W. Saxton. As before stated, this is the entire motion for a new trial. This statement of the juror is a little remarkable for its indefiniteness and uncertainty as to what was stated by the impugned juror, as well as that affiant was not acquainted with the juror. The judgment of the court in overruling the motion for a new trial recites that evidence was heard by the court, and the motion overruled. What the evidence was the record does not show. Appellant failed to embody the testimony either in a bill of exceptions or in the record as a state-

ment of the facts proved on the trial of said motion. So, as presented, we will presume that defendant was satisfied there was nothing in his contention; and the further presumption will be indulged that the testimony was sufficient to show there was no merit in the allegations of the affidavit. Every presumption must be indulged in favor of the judgments of courts, and a party attacking such judgments must overcome such presumptions. The evidence is sufficient to sustain the conviction, and the judgment is affirmed.

*Affirmed.*